PER CURIAM.
The Department of Children and Families filed a petition for writ of certiorari or in the alternative prohibition, seeking review of an order directing it to transfer the respondent Carlye A. Blackburne to a chapter 916 forensic facility. We grant the petition for writ of certiorari and quash that portion of the order that commits the respondent to the Department of Children and Families to be transferred to a chapter 916 mental health treatment facility for restoration of his competency.
The respondent is currently detained pursuant to a determination that probable cause exists to believe that he is a “sexually violent predator” as defined by section 394.912, of the Florida Statutes (2007). The trial court determined that the respondent was incompetent to proceed with the civil commitment trial under Chapter 394. Rather than placing the respondent in a secure facility upon the finding of probable cause as contemplated by section 394.915(1), the trial court followed the procedure of Chapter 916 applicable to mentally deficient and mentally ill defendants. However, Chapter 916 does not address competency proceedings for convicted felons subject to civil commitment proceedings under section 394.912. Indeed, the respondent does not satisfy the definition of “defendant” as defined by Chapter 916.[1] § 916.106(6) Fla. Stat. (2007); cf. Dep’t of Children & Family Services v. Leons, 948 So.2d 988 (Fla. 4th DCA 2007).
Further, Florida Statutes section 394.917(2) provides that “[a]t all times, persons who are detained or committed under this part shall be kept in a secure facility segregated from patients of the department who are not detained or committed under this part.” Thus, the Florida legislature has prohibited the co-mingling of incompetent defendants with those detained under Chapter 394. For these reasons, we find the trial court’s order deviated from the essential requirements of law, resulting in irreparable injury. We therefore grant the petition, and quash the order of the trial court to the extent it commits the respondent to the Department of Children and Families under section 916.13(1) and directs the transfer of him to a Chapter 916 mental health treat *1030 ment facility for restoration of his competence to proceed.[2]

Petition Granted.

SHAHOOD, C.J., KLEIN and MAY, JJ., concur.

. This court has not been asked to review the finding of incompetence or to comment on the respondent’s right to be competent during the Jimmy Ryce Act proceedings. Branch v. State, 890 So.2d 322 (Fla. 2d DCA 2004); Camper v. State, 933 So.2d 1271 (Fla. 2d DCA 2006). The second district has recognized that “the Ryce act itself contains no provision concerning a respondent’s right to be competent during the proceeding.” Branch, 890 So.2d at 326.

. We also note that the respondent has not demonstrated that the secure facility contemplated by section 394.915 is inappropriate.